Filed 9/4/25  P. v. Brackett CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082929 |
| v. | (Super.Ct.No. RIF094256) |
| DENNIS BRACKETT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Reversed and remanded with directions.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for

Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M.

Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

The trial court found defendant and appellant Dennis Brackett ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered two prior prison terms (§ 667.5, subd. (b)) were imposed and stayed during his initial sentencing proceedings.

On appeal, defendant challenges the lower court's December 2023 order (1) declining to conduct a full resentencing hearing under section 1172.75, subdivision (d), after his sentence was already recalled by another superior court judge; and (2) substantively amending his 2015 judgment, issued by a third superior court judge, nunc pro tunc. He claims the trial court exceeded its authority by reversing the orders of two other superior court judges, even if those orders were legally flawed. Alternatively, defendant contends the December 2023 order must be reversed because the trial court was incorrect in its interpretation of section 1172.75, and he is entitled to a full resentencing hearing pursuant to section 1172.75, even though his prison priors (§ 667.5, subd. (b)) were imposed and stayed.

We agree that defendant is entitled to sentencing relief under section 1172.75 for prior prison term enhancements which were imposed and stayed. After briefing in this case was completed, on June 26, 2025, the California Supreme Court in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius II*) resolved the question of whether

---

[1] All future statutory references are to the Penal Code.

section 1172.75 applies to prior prison terms which were imposed and stayed, and held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed."[2] We therefore reverse the trial court's December 2023 order and remand for the trial court to recall defendant's sentence and resentence him under section 1172.75, subdivision (d).

## II.

## PROCEDURAL BACKGROUND[3]

In 2001, a jury convicted defendant of possessing methamphetamine for sale (Health & Saf. Code, § 11378). The jury also found true allegations that defendant had suffered four prior serious or violent felony convictions (§ 667, subds. (c), (e)) and two prison priors (§ 667.5, subd. (b)).[4]

The trial court sentenced defendant to 25 years to life in state prison. The court imposed a one-year sentence on each of the prison priors to run concurrently with defendant's sentence of 25 years to life, though the sentence on the prison priors was not

---

[2] See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius I*); *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted, Feb. 21, 2024, S283189 (*Christianson*), and *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*).

[3] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

[4] We took judicial notice of the clerk's transcript from defendant's underlying direct appeal, case No. E030272.

specified in the abstract of judgment. In December 2002, this court affirmed the judgment. (*People v. Brackett* (Dec. 31, 2002, E030272) [nonpub. opn.].)

In March 2015, the California Department of Corrections and Rehabilitation (CDCR) advised the trial court of certain discrepancies regarding the prison priors. Specifically, the CDCR noted that the prison priors were not reflected in the abstract of judgment and that prison prior enhancements were to run consecutively.

On April 15, 2015, the trial court (Judge Becky Dugan) vacated the sentences on the prison priors and "[o]rder[ed] [t]ime imposed on [them] stayed." The court thereafter ordered the clerk of the court to amend the abstract of judgment. A new abstract of judgment indicating the imposed and stayed sentences on the prison priors was filed on April 23, 2015.

Following the enactment of section 1172.75, at some point in mid-2022, the CDCR identified defendant as a person currently serving a prison term that included prison prior enhancements imposed pursuant to section 667.5, subdivision (b), and notified the trial court that defendant was potentially eligible for relief. The parties appeared for a section 1172.75 hearing on October 31, 2022. Both sides agreed that the prison priors should be stricken. The trial court (Judge Thomas Kelly) thereafter recalled defendant's previously imposed sentence and granted defendant's request to strike both prison priors. The court also granted defense counsel's request to strike the previously imposed fines and fees. Defense counsel then orally requested the court strike the prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497

(*Romero*). Noting the court needed further information before it could rule on the *Romero* motion, Judge Kelly directed the parties to brief the matter and scheduled a date to hear the sentencing motion.

The next day, on November 1, 2022, per the court's order and before the continued matter was heard, an amended abstract of judgment was filed, deleting the reference to the previously stayed prison priors. The November 1, 2022 abstract of judgment lists October 31, 2022 as the execution of sentence date, but does not provide any updated custody credits. A hearing on the *Romero* motion was then continued for over a year.

On November 22, 2023, prior to a hearing on the *Romero* motion, defense counsel filed a memorandum of points and authorities, formally asking the trial court to resentence defendant under sections 1172.1, 1172.75, Senate Bill No. 483 (2021-2022, Reg Sess.) (Stats. 2021, ch. 728), and/or Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Stats. 2023 ch. 446). The *Romero* hearing never occurred. Instead, after the parties appeared on September 25, 2023, the court set a hearing "Re: Recall/Resentence on 12/07/2023."

The resentencing hearing eventually occurred on December 27, 2023, before Judge John D. Molloy. The trial court denied defendant's request for a full resentencing hearing and ordered the correction of the court's April 15, 2015 minute order nunc pro tunc to state the prison priors were stricken rather than stayed. Defendant timely appealed.

III.

DISCUSSION

Defendant contends Judge Kelly found he was entitled to a full section 1172.75 resentencing hearing and, therefore, Judge Molloy overstepped his jurisdictional bounds when he later denied that relief and ordered the April 15, 2015 minute order corrected nunc pro tunc. He further asserts that he received ineffective assistance of counsel if counsel's failure to raise the jurisdictional challenges forfeited his claims. Alternatively, defendant argues he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancements (§ 667.5, subd. (b)) were imposed and stayed or imposed and executed. Pursuant to the California Supreme Court's recent decision in *Rhodius II*, *supra*, 17 Cal.5th 1050, we agree with defendant that he is entitled to a full resentencing hearing pursuant to section 1172.75, subdivision (d).[5]

Before January 2020, section 667.5, subdivision (b), permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

---

[5] Because we find defendant is entitled to a full resentencing hearing pursuant to section 1172.75 and reverse the December 2023 order and remand the matter for a full resentencing hearing, we need not address defendant's remaining challenges on appeal.

6

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Here, defendant's judgment included two stayed prison priors.

Hence, a defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. (§ 1172.75, subds. (a), (c).) To facilitate the process, the statute directs the CDCR to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (*Id.*, subd. (b).) Upon receiving that information, the sentencing court must "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (*Id.*, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*) The statute provides separate deadlines for identification, review, and resentencing of "individuals . . . currently serving a sentence based on the enhancement" and "all other individuals." (*Id.*, subds. (b)(1), (2), (c)(1), (2).)

Section 1172.75, subdivision (d), sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) The trial court must "apply the sentencing rules of the Judicial Council" as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) In addition, the court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

After analyzing our decision in *Rhodius I*, the legislative history of section 1172.75, and the meaning of the words "imposed" and "lesser," the Supreme Court concluded that section 1172.75, subdivision (a), "is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and* executed.' " (*Rhodius II*, *supra*, 17 Cal.5th at p. 1063.) The court

8

explained that the statute refers to enhancements that are "imposed," not "imposed and executed," while recognizing that the word " 'impose' " is sometimes " 'employed as shorthand' " in sentencing laws to refer to the class of enhancements that are " 'imposed and *then* executed.' " (*Rhodius II*, at p. 1059, citing *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 (*Gonzalez*), italics in original.) The court determined whether the Legislature had used the term "impose" in this "shorthand" and examined *Gonzalez,* and found "[a]lthough *Gonzalez* explains that the meaning of the word 'imposed' may vary depending on context, its interpretation of the word as it appears in the statute there at issue holds no real lessons for understanding the meaning of 'imposed' as it appears in section 1172.75(a)—a provision with markedly different wording, structure, and purpose." (*Rhodius II*, at p. 1059.)

The Supreme Court rejected the Attorney General's central argument that "reading section 1172.75(a)'s reference to 'imposed' enhancements to mean enhancements that were imposed *and* executed is the only way to harmonize that provision with the statute's instructions for resentencing in section 1172.75, subdivision (d)," specifically the reference to "this section shall result in a lesser sentence than the one originally imposed" in subdivision (d) of section 1172.75. (*Rhodius II*, *supra*, 17 Cal.5th at p. 1060.)

The court explained: "Reading section 1172.75, subdivision (d)(1) in context, we are not persuaded that the reference to a 'lesser sentence' necessarily imports any assumptions about whether the section 667.5(b) enhancement was imposed *and* executed or simply imposed. The premise of the argument is that a 'lesser' sentence must mean a

9

sentence that inevitably results in less time served than the original sentence—in other words, a *shorter* operative sentence, setting aside any component of the sentence that had been stayed.  It is of course true, as the Attorney General emphasizes, that in the typical case involving an executed enhancement, to order a 'lesser' sentence will mean ordering a shorter one.  But we see no obvious reason why a trial court cannot also comply with the instruction to order a 'lesser' sentence in a case in which a section 667.5(b) enhancement was stayed rather than executed.' " (*Rhodius II*, *supra*, 17 Cal.5th at p.1060.)

The court further elaborated:  " 'The reference to a 'lesser' sentence is reasonably understood to mean, as a general matter, that courts must lessen the burdens of the sentence relative to 'the one originally imposed as a result of the elimination of the repealed enhancement' (§ 1172.75, subd. (d)(1))—in other words, the new sentence must eliminate the adverse effects flowing from the now-invalid section 667.5(b) enhancements.  In the typical case in which a defendant who is serving a longer term of imprisonment because of a repealed enhancement that was imposed and executed, to eliminate adverse effects of the section 667.5(b) enhancement will indeed mean imposing a shorter (unstayed) sentence relative to the enhanced one.  But where the burdens of a section 667.5(b) sentence enhancement are different, what it means to impose a 'lesser' sentence may differ as well.  As the Court of Appeal explained in *Christianson*, when a sentence is stayed, the trial court retains the ability to 'lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated.

10

[Citation.] Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted; see also, e.g., *Gonzalez*, *supra*, 43 Cal.4th at p. 1129, 77 [staying Pen. Code, § 12022.53 firearm enhancements made them '*readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal'].) We see no reason why subdivision (d)(1) of section 1172.75 cannot be read to allow for the possibility that, in a case involving stayed enhancements, a trial court may comply with the instruction to impose a 'lesser' sentence by ordering a sentence that affords such relief." (*Rhodius II*, *supra*, 17 Cal.5th at p. 1061.)

The Supreme Court summarized that the text of section 1172.75, subdivision (d)(1) does not show "the Legislature was concerned exclusively with the elimination of enhancements that had already been executed," and explained "other features of the statute" point against that conclusion. (*Rhodius II*, *supra*, 17 Cal.5th at p. 1061.) These features include wording of section 1172.75, subdivision (a), specifically the word "any," which, the court found demonstrates the Legislature intended the law to have a "broad sweep." (*Rhodius II*, at p. 1061.) The court noted, " ' "read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.' " ' [Citations.]." (*Ibid*.) Other features the court noted were "the statute's

11

structure and practical operation," the legislative history of the statute, and the purpose of the statute.  (*Ibid.*)

In sum, the Supreme Court concluded that section 1172.75, subdivision (a), applies "to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed.  If the enhancement is no longer authorized under the current version of section 667.5(b), section 1172.75(a) renders the enhancement invalid.  And the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein."  (*Rhodius II*, *supra*, 17 Cal.5th at p. 1068.)

## IV.

## DISPOSITION

The trial court's December 2023 order denying relief under section 1172.75 is reversed.  The matter is remanded to the trial court with directions to recall defendant's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
                Acting P. J.


RAPHAEL
                J.